IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SB INTERNATIONAL, INC. <br> Plaintiff, | § § § | |
| v. | § § § | C.A. NO. _____ <br> Admiralty Rule 9(h) |
| M/V HELIAN BROTHER, <br> her engines, tackle, boilers, etc. *in rem,* | § § § | |
| v. | § § | |
| NHH SHIPPING INC., <br> NANJING OCEAN SHIPPING <br> CO., LTD., OLDENDORFF <br> CARRIERS GMBH & CO. KB, and <br> GULF STREAM MARINE, INC., <br> Defendants. | § § § § § § | |

## COMPLAINT

1. Plaintiff, SB INTERNATIONAL, INC. ("SB") by its attorneys, Hill Rivkins LLP, complaining of the M/V HELIAN BROTHER, *in rem,* NHH Shipping Inc. ("NHH"), Nanjing Ocean Shipping Co., Ltd. ("NASCO"), Oldendorff Carriers GmbH & Co. KB, ("OCGC"), and Gulf Stream Marine, Inc. ("GSMI"), (collectively "Defendants"), alleges upon information and belief:

### A.

2. This is an admiralty or maritime claim within the meaning of 28 U.S.C. § 1333 and Rule 9(h) of the Federal Rules of Civil Procedure, or is brought pursuant to 9 U.S.C.A. § 8, for preservation of *in rem* security for arbitration.

### B.

3. At and during all the times hereinafter mentioned, SB was the consignee and owner of the cargo in question and brings this action on its own behalf and on behalf of all who may become

interested in the cargo. SB had and now has the legal status and principal office and place of business stated in Schedule A attached.

### C.

4. At and during all the times hereinafter mentioned, NHH, NASCO, and OCGC, had and now have the legal status and offices and places of business stated in Schedule A. They were, and now are, engaged in business as common carriers of merchandise by water for hire, and owned, operated, managed, chartered and controlled the above-named vessel which now is, or will be, within the jurisdiction of this Court, or another U.S. court of competent jurisdiction, during the pendency of this action. Plaintiff requests that the court permit later service of the *in rem* aspect of this case, awaiting this foreign vessel's return to the United States for service of *in rem* process.

### D.

5. On or about July 10, 2012, at the port of Mumbai Port, India, the M/V HELIAN BROTHER and defendants NHH, NASCO, and OCGC received, in good order and condition, the shipment described in Schedule A, which the vessel and defendants NHH, NASCO, and OCGC accepted and agreed to transport for certain consideration to the Port of Houston, Texas.

### E.

6. Thereafter, the vessel arrived at the Port of Houston, where the cargo was found physically damaged, causing monetary damages to Plaintiff as enumerated herein. On information and belief, the vessel and defendants NHH, NASCO, and OCGC breached, failed and violated their duties and obligations as common carriers and were otherwise at fault.

### F.

7. On or about August 30, 2012, at the Port of Houston, there was delivered to defendant, GSMI, the shipment described in Schedule A, which the said defendant received and agreed to discharge, handle and transport for certain consideration at the Port of Houston.

8. Defendant GSMI warranted expressly or by implication of law, to plaintiff and/or its benefits, to act carefully, and in a workmanlike manner, in the handling, discharging and transportation of the cargo.

9. Thereafter, by its negligent handling, sorting, identifying, discharging and transportation of the cargo at the Port of Houston, said defendant GSMI caused and/or contributed to the damage to, and short delivery of, said shipment, which occurred while the cargo was in the possession of GSMI.

### G.

10. Plaintiff further alleges, in the alternative and without waiving the above cause of action, that all defendants were bailees of plaintiff's cargo described in Schedule A. Defendants delivered the cargo described in Schedule A in a damaged condition which did not exist at the time of plaintiff's/bailor's delivery to the bailee as described in Schedule A. Defendants breached their duties and obligations as bailees and were negligent.

### H.

11. Plaintiff was the shipper, consignee and/or owner of the shipment and brings this action on its own behalf and, as agent and trustee, on behalf of and for the interest of all parties who may be or become interested in the shipment, as their respective interests may ultimately appear, and plaintiff is entitled to maintain this action.

### I.

12. Plaintiff has duly performed all duties and obligations on its part to be performed.

### J.

13. By reason of the above-stated premises, plaintiff has sustained damages, as nearly as same can now be estimated, no part of which has been paid although duly demanded, in the amount of FORTY-THREE THOUSAND ONE HUNDRED SEVENTY-FOUR AND 21/100 DOLLARS ($43,174.21) for which Plaintiff demands recovery from all defendants, jointly and severally.

### K.

14. All and singular the premises are true and within the admiralty, maritime, and pendent jurisdiction of the United States and of this Honorable Court.

Wherefore, Plaintiff prays:

1. That summons in due form of law may issue against defendants;

2. That a judgment may be entered in favor of plaintiff against defendants, one or more of them, for the amount of plaintiff's damages together with interest and the costs and disbursements of this action;

3. That process in due form of law according to the practice of this court in causes of admiralty or maritime jurisdiction may issue against said the vessel, her engines, etc., and that all persons having or claiming any interest therein be cited to appear and answer under oath all and singular the matters stated, and this court will be pleased to pronounce a judgment in favor of plaintiff for damages together with interest, costs and disbursements, and the motor vessel may be condemned and sold to pay therefor; and

4. That this court will grant to plaintiff such other and further relief as may be just and proper.

Respectfully submitted,

DANA K. MARTIN

SDTX I.D. No.:  126
Texas Bar No.: 13057830
DANIELA OLIVEIRA
SDTX I.D. No.: 1314516
Texas Bar No. 24075837
HILL RIVKINS LLP
55 Waugh Dr., Suite 1200
Houston, Texas 77007
Telephone:    (713) 222-1515
Direct Line:   (713) 457-2287
Facsimile:     (713) 222-1359
E-mail: dmartin@hillrivkins.com
E-mail: doliveira@hillrivkins.com

**ATTORNEYS FOR PLAINTIFF
SB INTERNATIONAL, INC.**

## **VERIFICATION**

THE STATE OF TEXAS  \*

\*

COUNTY OF HARRIS  \*

Dana K. Martin, being duly sworn, deposes and says:

I am an attorney and member of the firm of Hill Rivkins LLP, attorneys for Plaintiff. I am over twenty-one (21) years of age and fully competent to make this Verification. I have read the foregoing Complaint and know its contents. The Complaint is true to my knowledge, except as to the matters stated in the Complaint to be based on information and belief, and as to those matters, I believe them to be true.

The source of my information and the grounds for my belief as to those matters stated in the Complaint, to be alleged on information and belief, are documents and records in my files.

_____
Dana K. Martin

Subscribed and sworn to before me, the undersigned authority, this 30th day of August, 2013.

_____
Notary Public, State of Texas
My Commission Expires: 3-30-16

GRACE R. SOLIS
Notary Public, State of Texas
My Commission Expires
March 30, 2016

6

## SCHEDULE A

## LEGAL STATUS AND PLACE OF BUSINESS OF PARTIES

Plaintiff, **SB International, Inc.,** was and now is a corporation with an office and place of business at 3626 North Hall Street, Suite 910, Dallas, Texas 75219.

**M/V HELIAN BROTHER** was at all material times a general cargo ship sailing under the Panamanian flag. The vessel was built in 2012, its call sign is 3FGO9, and its gross tonnage is 33,456 tons.

Defendant, **NHH Shipping Inc. ("NHH"),** was and now is a foreign corporation, or similar entity, with power to sue and be sued, which regularly does business in Texas and/or the United States as a common carrier of goods, which does not maintain a designated agent on whom service may be made in Texas, and thus may be served through Hague Convention Service, F.R.C.P. 4(k)2, or through the Secretary of State of Texas under the Texas Long-Arm Statute, Tex. Civ. Prac. & Rem. Code § 17.044 et. seq., in care of its home office at:

c/o Nanjing Ocean Shipping Co., Ltd.
18th Floor, Room No. 5, Zhong Tai International Plaza
311 JangDong Rd.(M)
Nanjing, 210019 P.R. China

Defendant, **Nanjing Ocean Shipping Co., Ltd., ("NASCO"),** was and now is a foreign corporation, or similar entity, with power to sue and be sued, which regularly does business in Texas and/or the United States as a common carrier of goods, which does not maintain a designated agent on whom service may be made in Texas, and thus may be served through Hague Convention Service, F.R.C.P. 4(k)2, or through the Secretary of State of Texas under the Texas Long-Arm Statute, Tex. Civ. Prac. & Rem. Code § 17.044 et. seq., in care of its home office at:

18th Floor, Room No. 5, Zhong Tai International Plaza
311 JangDong Rd.(M)
Nanjing, 210019 P.R. China

Defendant, **Oldendorff Carriers GmbH & Co. KB, ("OCGC")** was and now is a foreign corporation, or similar entity, with power to sue and be sued, which regularly does business in Texas and/or the United States as a common carrier of goods, which does not maintain a designated agent on whom service may be made in Texas, and thus may be served through Hague Convention Service, F.R.C.P. 4(k)2, or through the Secretary of State of Texas under the Texas Long-Arm Statute, Tex. Civ. Prac. & Rem. Code § 17.044 et. seq., in care of its home office at:

Willy-Brandt-Allee 6
23554 Lübeck, Germany

Defendant, **Gulf Stream Marine, Inc. ("GSMI")**, was and now is a Texas corporation with power to sue and be sued, which regularly does business in Texas and/or the United States as a stevedore of goods, which does maintain a designated agent on whom service may be made, and thus may be served through its registered agent for the State of Texas, at:

10,000 Manchester Street, Suite C
Houston, Texas 77012-2412
Attn.: Mr. Richard Ragusan (Pres.) Ms. Marlise Skinner (Treas.) or Mr. Robert Jaworski (VP).

## DESCRIPTION OF SHIPMENT

| | |
|---|---|
| Vessel: | M/V HELIAN BROTHER |
| Date of Shipment: | July 10, 2012 |
| Port of Shipment: | Mumbai Port, India |
| Port of Discharge: | Houston, Texas |
| Shipper: | GVN Fuels Limited |
| Consignee: | SB International, Inc. |
| Description of Shipment: | ERW Casing/Steel Pipes |
| Nature of Loss or Damage: | Physical damage |
| Amount: | $43,174.21 |